UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: ) | 19-28888 |
|     Katherine Koukoulis, ) | |
| ) | Chapter 7 |
|         Debtor. ) | Honorable Judge Cleary |
| ) | |
| Robert A. Egan, P.C. ) | |
| ) | |
|     vs. ) | |
| ) | |
| Katherine Koukoulis, ) | |

**COMPLAINT OBJECTING TO THE**
**DISCHARGEABILITY OF A DEBT**

Now comes the Creditor, Robert A. Egan, P.C., (hereinafter referred to as "Egan"), and submits this Complaint objecting to the dischargeability of any debt owed to Robert A. Egan, P.C. under Bankruptcy Code §523 (11 U.S.C. §523). In support thereof states the following:

1. Osmar Orozco and the debtor (f/k/a Katherine Orozco) were parties to a Dissolution of Marriage proceeding in the Circuit Court of Cook County under case number 2011 D 009187.

2. On April 26, 2013, a Judgment for Dissolution of Marriage was entered in the aforementioned action.

3. The Judgment for Dissolution of Marriage incorporated therein a Marital Settlement Agreement of the parties.

4. That the aforesaid Judgment for Dissolution of Marriage provided the following provisions:

"Article IV - Child Support. The Husband agrees to pay as and for child support, the sum of $1,053.00 per month which is consistent with the guidelines for child support as set forth in 750 ILCS 5/505. The Husband agrees to sign IRS Form 4506 which is an authorization to allow the Wife to receive a transcript of the Husband's tax return for each calendar year. Said release shall be sent to the Wife by April 30th of each year while he has a duty to support the child, including when the child attends college. He will also provide the Wife with a copy of his tax return by April 30th of each year. If the Clerk of the Court does not collect the full sum of child support due to the Wife for any pay period, the Husband will send the Wife the difference between the amount deducted and the amount provided in this paragraph within seven (7) days.

Said support shall terminate upon the child attending majority or completing high school, whichever occurs last, or the child's marriage or emancipation which is defined as the child attending the age of 18 or the completion of high school but in no event past the age of 19 or the child entering the Armed Forces of the United Sates or marrying.

The Husband shall notify the Wife within seven (7) days when any prior child support order or daycare order has been modified, which will entitle the Wife to addition child support.

The Wife will also receive 20% of any addition net income the Husband received in any given tax year, to be calculated at the end of each tax year, and paid to the Wife by June 30th of each year, subject to prior orders of support.

The Husband will also pay the amount of $1,832.00 as addition child support for the retroactive pay that he received in April of 2011. This amount will be paid within thirty days of the entry of the Judgment herein."

5. On August 21, 2017, the debtor engaged the services of Robert A. Egan, P.C. to pursue a child support arrearage.

6. On September 7, 2017, a Petition for Rule to Show Cause and Adjudication of Indirect Civil Contempt was filed by Egan on behalf of the debtor seeking child support arrearages from Osmar Orozco.

7. Said matter was pending in the Circuit Court of Cook County until Egan withdrew as attorney for the debtor.

8. On September 5, 2019, Egan filed a Petition for Final Setting of Attorney's Fees and Costs.

9. Said Petition for Final Setting of Attorney's Fees and Costs was pending as of the date of the filing of the Bankruptcy Petition herein.

10. During the pendency of the action seeking child support arrearages, Egan expended 53.9 hours of legal services at the agreed rate of $325 per hour.

11. In addition to the legal services, Egan incurred costs of $584.16 in filing fees, subpoena fees, deposition transcripts and the like.

12. During the pendency of the child support arrearage action, the debtor paid $3,250, leaving a balance of $14,851.66.

13. §523 of the Bankruptcy Code excepts from discharge any debt "for a domestic support obligation". 11 U.S.C. §523(a)(5)

14. The term "domestic support obligation" is defined separately as a debt that is:

> "Dischargeability of Domestic Support Obligations. Section 523 of the Bankruptcy Code excepts from discharge any debt "for a domestic support obligation." 11 U.S.C. §523(a)(5). The term "domestic support obligation" is defined separately as a

debt that is:

(A) owed to or recoverable by - -
    (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
    (ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order of relief in a case under this title, by reason of applicable provisions of - -
    (i) a separation agreement, divorce decree, or property settlement agreement;
    (ii) an order of a court of record; or
    (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt."

15. Attorney's fees incurred by a former spouse to assist her in enforcing a child support order are in the nature of maintenance. *Shea v. Shea*, (In Re: Shea) 221 B.R. 491, 498 (Bank. R.D. Minn. 1988); see also *Macy v. Macy*, 114 Fed.3d 1, 3, 1st Cir. 1997.

Wherefore, Robert A. Egan, P.C., prays this Honorable Court enter an Order denying the dischargeability of any debt due to Robert A. Egan, P.C. and enter Judgment in favor of Robert A. Egan, P.C. and against Katherine Koukoulis in the amount of $14,851.66, or in the

alternative, to remand the matter to the Circuit Court of Cook County for a judicial determination as to the debt.

                                                                                   Respectfully submitted,

                                                                   /s/ Robert A. Egan

**ROBERT A. EGAN**
**ROBERT A. EGAN, P.C.**
20 South Clark Street
Suite 2050
Chicago, Illinois 60603
(312) 263-2227
RAE@roberteganlaw.com; pleadings@roberteganlaw.com
ARDC #0719188