# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| In Re: KATHERINE KOUKOULIS | ) | Bankruptcy Case No. 19-28888 |
| | ) | |
| | ) | |
| ROBERT EGAN, | ) | Chapter 7 |
| Plaintiff, | ) | |
| vs. | ) | Adversary No: 20-AP-26 |
| KATHERINE KOUKOULIS, | ) | |
| Defendant. | ) | Judge Cleary |

## NOTICE OF MOTION

**The following party(s) have been served via CM/ECF:**
Robert A. Egan, Robert A. Egan, P.C.: rae@roberteganlaw.com

**The following party(s) have been served via first-class U.S. mail:**
Katherine Koukoulis, 7731 W. Clarence, Chicago, IL 60631
Clerk, U.S. Bankruptcy Court, Northern District of Illinois, 219 S. Dearborn, Chicago, IL 60604

Please take notice that I shall appear before the following named Bankruptcy Judge, or any other Judge presiding in his or her stead at 219 S. Dearborn Street, Chicago, IL 60604, and in the following courtroom (or any other place posted), and present the attached **Motion to Dismiss Complaint Under Rule 12(b)(6),** at which time and place you may appear.

```
JUDGE:   CLEARY
ROOM:    644
DATE:    April 1, 2020
TIME:    10:00 AM
```

## PROOF OF SERVICE

The undersigned certifies that copies of this Notice and attachments were served to the listed persons or entities, if service by mail was indicated above, by depositing same in the U.S. Mail at Wheeling, Illinois 60090, on or before March 10, 2020, at 5:30 p.m., with proper postage prepaid, unless a copy was provided electronically by the Bankruptcy Court.

DATE OF SERVICE: 3/10/2020         /s/ Robert C. Bansfield Jr.
                                   Robert C. Bansfield Jr., A.R.D.C. #6329415
                                   Attorney for the Debtor(s)

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
(847) 520-8100

1

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| In Re: KATHERINE KOUKOULIS ) | Bankruptcy Case No. 19-28888 |
| ) | |
| ) | |
| ROBERT EGAN, ) | Chapter 7 |
| Plaintiff, ) | |
| vs. ) | Adversary No: 20-AP-26 |
| KATHERINE KOUKOULIS, ) | |
| Defendant. ) | Judge Cleary |

### MOTION TO DISMISS COMPLAINT UNDER RULE 12(b)(6)

NOW COMES the Defendant, KATHERINE KOUKOULIS, by and through her attorneys, David M. Siegel & Associates, L.L.C., to present this Motion to Dismiss under Rule 12(b)(6), and in support states as follows:

### Introduction

1. Plaintiff filed this adversary case on January 14, 2020. The complaint seeks to have the debt that Debtor/Defendant owes to Plaintiff declared non-dischargeable pursuant to 11 U.S.C. §523, claiming that Defendant's debt is excepted from discharge as a domestic support obligation. See *Plaintiff's Complaint*.

2. The Defendant began divorce proceedings against her former spouse in 2011. The case number for that divorce proceeding 2011-D-009187. The marriage was dissolved on April 26, 2013. See *Plaintiff's Complaint* and *Cook County Divorce Proceeding 2011-D-009187*.

3. Debtor/Defendant then retained the services of Plaintiff to pursue a child support arrearage owed by her former spouse in August of 2017. Plaintiff subsequently withdrew as attorney for the Defendant in the divorce proceeding and then sought to recover the fees for services provided to Defendant. See *Plaintiff's Complaint*.

4.  Defendant/debtor filed a petition for relief under Chapter 7 of Title 11 USC on October 10, 2019. The case number for the petition for relief is 19-19-28888.

5.  Defendant respectfully requests that this Court dismiss this adversary complaint.

### Rule 12(b)(6) Standard

6.  Under Federal Rule of Civil Procedure 12(b)(6), "… a party may assert the following defenses by motion: … (6) failure to state a claim upon which relief can be granted ..." Fed.R.Civ.P.12(b).

7.  Federal Rule of Civil Procedure 12(b)(6) is made applicable to a bankruptcy adversary proceeding under Federal Rule of Bankruptcy Procedure 7012(b), stating, "Rule 12(b)–(i) F.R.Civ.P. applies in adversary proceedings." Fed.R.Bank.P. 7012(b).

8.  In order for a plaintiff's complaint to survive a Rule 12(b)(6) motion to dismiss the case, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

9.  "A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Ebner v. Kaiser* (*In re Kaiser*), 525 B.R. 697, 706 (Bankr.N.D.Ill.2014)(Barnes, J) (citing *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009)).

### 11 U.S.C. 523(a)(5) and 11 U.S.C. 101(14)(A)

10. The Bankruptcy Code states, "[a] discharge under section 727, 1141, 1192 [1] 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt — ... (5) for a domestic support obligation;..." 11 U.S.C. §523(a)(5).

11. The Code defines domestic support obligation as:

>"(14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>>(A) owed to or recoverable by—
>>>(i) *a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative;* or
>>>(ii) a governmental unit;
>>(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>>(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>>>(i) a separation agreement, divorce decree, or property settlement agreement;
>>>(ii) an order of a court of record; or
>>>(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>>(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt."

11 U.S.C. §14(A) (emphasis added).

## Legal Standard

12. It has been held that the attorney's fees a debtor owes to his or her own attorney for helping the debtor obtain child support is dischargeable. *Matter of Rios*, 901 F.2d 71, 73 (7th Cir. 1990).

13. In *Rios*, the Seventh Circuit was examining a case were the plaintiff was seeking to have a debt owed by the defendant/debtor declared non-dischargeable. The plaintiff represented the debtor in a court proceeding to obtain child support. The case was eventually dismissed and the plaintiff subsequently filed suit to obtain an order for her attorney fees from debtor. Before the court could enter an order, the debtor filed a Chapter 7 bankruptcy. The plaintiff filed an adversary complaint to have the debt debtor owed to her declared non-discharged. The

4

bankruptcy court denied the complaint and the district court as well as the Seventh Circuit upheld the denial of the complaint. *Id*. at 71, 73.

14.  The Seventh Circuit was examining the Bankruptcy Code prior to its revision in 2005, but the wording of the Bankruptcy Code that the court was examining was similar to the wording of the Code today.

15.  At the time of the case, the wording the court was examining was "Section 523(a)(5) provides: 'A discharge . . . does not discharge an *individual debtor from any debt to a spouse, former spouse or child of the debtor*, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record. . . .'" *Rios*, 901 F.2d at 72 (emphasis added).

16.  The court examined various cases that determined attorneys' fees were non-dischargeable in a bankruptcy case. However, all these cases had one thing in common: the attorneys' fees were fees owed to the debtors' spouses, former spouses, or child of the debtor. *Id*. at 72; see generally *In re Balthazor*, 36 B.R. 656 (Bkrtcy E.D.Wis. 1984); *In re Barbre*, 91 B.R. 846 (Bkrtcy S.D.Ill. 1988); *In re Spong*, 661 F.2d 6 (2d Cir. 1981); *In re Cornish*, 529 F.2d 1363 (7th Cir. 1976).

17.  The Seventh Circuit agreed with the theory that "the spouse's or child's expenses of collection are part of the underlying obligation." However, the court stated the "theory cannot stretch to cover fees for an attorney hired by the debtor, unless there is some legal obligation to hire an attorney on behalf of the spouse or child." *Rios*, 901 F.2d at 72.

18.  The Seventh Circuit supported the reasoning in *In re Lindberg*, which "held that a debtor's liability for his or her own attorneys' fees incurred in a child support dispute is not a debt

owed 'to a spouse' for purposes of § 523(a)(5)." *Id*. at 72; citing *In re Lindberg*, 92 B.R. 481 (Bkrtcy.D.Colo. 1988).

19. The court lastly stated that "[a]s a legal matter, an ordinary lawyer's bill is no better than a grocer's bill." *Id*. at 72-73.

20. Judge Hollis, in determining whether the attorneys' fees a debtor owes to a former spouse's attorney, stated a similar rule: "§523(a)(5), by incorporating the definition of a 'domestic support obligation,' provides that the debt must be 'owed to or recoverable by' the former spouse; similarly, § 523(a)(15) states that the debt must be to 'a...former spouse.'" *Panos & Assocs., LLC v. Mitchell* (*In re Mitchell*), Case No. 10 B 39862, 6 (Bankr. N.D. Ill. Jun. 4, 2013) (Hollis, J.).

21. Judge Rhoades in the Bankruptcy Court for the Eastern District of Texas agreed with the holding and rationale in *In re Rios* and held that the fees a debtor owes to his or her own attorney for a divorce matter are discharged "because the debt is not a debt owed to a former spouse or child for alimony, maintenance, or support." *Fein v. Young* (*In re Young*) 425 B.R. 811, 818 (Bankr. E.D. Tex. 2010) (Rhoades, J.); citing *Rios*, 901 F.2d at 72.

## **Argument**

22. This case is an almost exact imitation of the *Rios* case.

23. The Defendant retained the services of Plaintiff for the purpose of pursuing a child support arrearage.

24. Plaintiff is not the attorney for Defendant/Debtor's spouse, former spouse, or children.

25. Plaintiff was the attorney for Defendant/Debtor in the divorce proceeding.

26. 11 U.S.C. §14(A) specifically states it is only applicable to obligations that the debtor owes to a spouse, former spouse, or child. Since Plaintiff is not the attorney for the spouse,

former spouse, or children of the Defendant/Debtor, then 11 U.S.C. §14(A) does not apply in this case.

27. Since 11 U.S.C. §14(A) does not apply in this case, 11 U.S.C. §523(a)(5) does not apply in this case.

28. Also, *Shea v. Shea* cited by Plaintiff in his complaint is inapplicable to this case. In *Shea v. Shea*, the court was examining the fees that the debtor/defendant owed to his former spouse's attorney. The court held that the fees the debtor/defendant owed to his former spouse's attorneys were not dischargeable. The court does not mention anything about the fees a debtor may owe to his or her own attorney. *Shea v. Shea* (*In re Shea*) 221 B.R. 491, 494-496 (Bankr. D. Minn. 1998).

29. Because 11 U.S.C. §523(a)(5) does not apply in this case, Plaintiff's complaint is without merit and should be dismissed.

WHEREFORE the Defendant, KATHERINE KOUKOULIS, prays that the Court dismiss the Complaint, and any other legal or equitable relief that the court deems just and proper

Respectfully Submitted,

/s/ Robert C. Bansfield Jr.
Robert C. Bansfield Jr., A.R.D.C. #6329415
Attorney for the Debtor

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100

7